UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONALD BURT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00313-JMS-DKL |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Donald Burt for a writ of habeas corpus challenges a prison disciplinary proceeding in ISR 15-07-0040 in which he was found guilty of assault on staff. The respondent has filed a motion to dismiss, to which Mr. Burt has not responded.

On July 20, 2015, Mr. Burt was found guilty of the disciplinary charge and sanctions were imposed including a written reprimand, one year of disciplinary segregation, restitution for the officer's hospital bill, a 365 day deprivation of earned credit time, and a credit class demotion.

Under the Indiana Department of Correction ("IDOC") Adult Disciplinary Procedures, an appeal must be filed to the Facility Head within fifteen (15) days of the hearing date. Following an unsuccessful appeal to the Facility Head, a petitioner must appeal to the IDOC Appeals Review Officer within fifteen (15) days from the date he receives a response from the Facility Head.

Only issues raised in timely appeals may be asserted in a petition for writ of habeas corpus. *McFarland v. Scott,* 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements and comply with this Court's doctrines of procedural default and waiver.") (internal citations omitted); *Wilson-El v. Finnan,* 263 Fed.Appx. 503, 506, 2008 WL 345346 (7th Cir. Feb. 8, 2008) (if petitioner fails to exhaust all of his available administrative remedies before

seeking a writ of habeas corpus, and the opportunity to raise that claim in administrative proceedings has lapsed, such claim is procedurally defaulted and a federal court is precluded from reviewing the merits of the habeas petition); *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); 28 U.S.C. § 2254(b)(1)(A).

Mr. Burt filed an appeal to the Facility Head on August 25, 2015. Although the appeal was untimely, it was considered and denied by the Facility Head on September 16, 2015. Mr. Burt did not pursue an appeal with the Final Reviewing Authority. His claims, therefore, have been waived and procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). The time to complete the administrative appeals process has passed.

Accordingly, the respondent's motion to dismiss Mr. Burt's petition for writ of habeas corpus due to his failure to exhaust the administrative appeals process [dkt. 11] must be **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: February 10, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Donald Burt, DOC #114862
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only